CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 10, 2013

LETTER TO COUNSEL:

RE:     *Laura Beth Waskey v. Commissioner, Social Security Administration*;
        Civil No. SAG-12-2500

Dear Counsel:

On August 21, 2012, the Plaintiff, Laura Beth Waskey, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Waskey's reply, which does not contain any new information or argument. (ECF Nos. 16, 20, 21). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Waskey filed her claim for benefits on December 11, 2009, alleging disability beginning December 1, 2008. (Tr. 127-33). Her claim was denied initially on May 26, 2010, and on reconsideration on October 7, 2010. (Tr. 76-79, 82-83). A hearing was held on November 10, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 34-73). Following the hearing, on December 6, 2011, the ALJ determined that Ms. Waskey was not disabled during the relevant time frame between her alleged onset date and her date last insured of September 30, 2010. (Tr. 18-28). The Appeals Council denied Ms. Waskey's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Waskey suffered from the severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the left shoulder, and bipolar disorder. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Waskey retained the residual functional capacity ("RFC") to:

[P]erform light work as defined in 20 CFR 404.1567(b) except she is limited to no more than occasional overhead pushing and pulling, and overhead reaching with the left upper extremity. She is precluded from climbing ladders, ropes, or

scaffolds, and can no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extreme cold, excessive vibration, hazardous moving machinery, and unprotected heights. She is limited to simple routine repetitive tasks in a low stress work environment with no strict production quotas, and can have no more than occasional and superficial interaction with coworkers, supervisors, and the public.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Waskey could perform work existing in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame between her alleged onset date and her date last insured. (Tr. 27-28).

Ms. Waskey presents three primary arguments on appeal: (1) that the ALJ and Appeals Council failed to consider new and material evidence; (2) that the ALJ over relied on her GAF scores; and (3) that the ALJ erroneously weighed the opinions of her treating physician, Dr. Lowman. Each argument lacks merit.

Two of Ms. Waskey's arguments are related: her contention that the Appeals Council failed to consider appropriately the evidence she submitted to the Appeals Council, and her argument that the ALJ assigned insufficient weight to the opinion of her treating physician, Dr. Lowman. Pl. Mot. 10-19, 21-27. The additional evidence produced at the Appeals Council stage included records from treatment at the VA Hospital in 2003 and 2006, and several letters and opinion forms from Dr. Lowman that had not been submitted to the ALJ because they were prepared in 2012. (Tr. 535-54). It is clear from the Appeals Council Exhibits List that the new evidence was received. (Tr. 4). However, the Appeals Council stated that it "carefully considered the additional medical evidence you submitted . . . [and] found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-2).

Despite the lack of substantive analysis of the new information, the Appeals Council fulfilled its required tasks. "[T]he regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, i.e., 'consider new and material evidence . . . in deciding whether to grant review.'" *Meyer v. Astrue,* 662 F.3d 700, 706 (4th Cir. 2011). The Appeals Council is not required to take any specific action in response to that new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* Although the Appeals Council did not provide an explanation in this case, its conclusion is reasonable in light of the ALJ's decision. The records from the VA Hospital predated the alleged onset date by several years, and therefore would not alter the ALJ's determination. (Tr. 535-38). The 2012 letters and opinion evidence from Dr. Lowman submitted to the Appeals Council are directly comparable to the opinion from Dr. Lowman that was considered by the ALJ, and was found to

have "little probative value."[1] (Tr. 26). The ALJ justified that assignment of limited weight by noting that the treatment records from Dr. Lowman and other treating clinicians showed far less significant limitations than Dr. Lowman's February, 2011 opinion suggested. *Id.* That justification would apply equally to the letters and opinion forms from Dr. Lowman that were submitted to the Appeals Council. All of Dr. Lowman's opinion forms and letters suggest serious, marked, and extreme limitations. *See e.g.*, (Tr. 466) (noting marked limitations in social functioning and concentration, persistence, and pace, and repeated episodes of decompensation); (Tr. 540) (suggesting that Ms. Waskey could only substitute teach for half-days once per week); (Tr. 553) (noting marked restrictions in activities of daily living and social functioning, extreme limitations in maintaining concentration, persistence, and pace, and repeated episodes of decompensation). Yet, the treatment notes within the relevant time period (December 1, 2008 to September 30, 2010) suggest far greater functional capacities, despite some depression, sleep difficulties, and irritability. *See, e.g.,* (Tr. 223) (noting in February, 2010 that "substitute teaching jobs are sparse," "concentration good," and "socializing [with] friends"); (Tr. 228, 229) (noting in January, 2010 that Ms. Waskey "is less moody and irritable" since a medication change, and "concentration is a lot better, near normal"); (Tr. 246-47) (noting in September, 2009 that Ms. Waskey "has handed in her master's thesis," and is "thinking about dating"); (Tr. 252-53) (noting in June, 2009 that Ms. Waskey's "mood and affect are stable and euthymic"); (Tr. 260) (noting in March, 2009 that Ms. Waskey's "sleep is becoming more regulated" after adopting a puppy and that she is "considering taking yoga"); (Tr. 263) (noting in December, 2008 that Ms. Waskey had "some positive interactions with friends and family during the holiday time frame"). A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c) (2); *Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996) (refined by 20 C.F.R. § 416.927(d)(2) (1999)). Given the marked inconsistencies between Dr. Lowman's own treatment notes and her opinions, controlling weight is not merited. The overstated nature of Dr. Lowman's opinions is exemplified, as the ALJ noted, by the opinion that Ms. Waskey suffered "three or more episodes of decompensation," when in fact no episodes of decompensation were evidenced in the record. (Tr. 23). In light of the inconsistencies, I cannot find fault with the

---

[1] In fact, the evidence from Dr. Lowman could possibly be described as duplicative or cumulative of the February, 2011 opinion, (Tr. 464-67), considered by the ALJ, which would render it not "new." *Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011). Regardless, as explained above, the opinions from Dr. Lowman that were submitted to the Appeals Council suffer from the same inconsistency with the clinical treatment notes that caused the ALJ to reject the February, 2011 opinion. Evidence is only "material" if it creates a reasonable possibility of altering the outcome of the ALJ's decision. *Wilkins v. Sec. Dept. of HHS*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). Due to the extensive similarities in Dr. Lowman's various opinions, it would be unreasonable to suggest that the newly submitted opinions might have had a different effect on the ALJ's analysis.

Appeals Council's evaluation of the newly submitted evidence or with the ALJ's assignment of "little probative value" to Dr. Lowman's opinion.[2]

Ms. Waskey's final argument is that the ALJ improperly relied on GAF scores in assessing her mental RFC. Pl. Mot. 19-21. It is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue,* Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010). However, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. In Ms. Waskey's case, the ALJ considered not only GAF scores but also treatment records, opinions of medical professionals, and activities of daily living, which included graduate studies and co-authoring a novel. (Tr. 22-26). In light of the ALJ's complete and thorough assessment of the record, the discussion of GAF scores does not warrant remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] In protesting the assignment of weight to Dr. Lowman, Ms. Waskey also objects to the assignment of significant weight to the opinion of a state agency reviewing physician, Dr. Spurgeon. Pl. Mot. 22. However, the law recognizes that state agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ's reliance on Dr. Spurgeon's opinion, in addition to the other cited evidence, therefore passes muster. The fact that Ms. Waskey was able to pursue a Master's degree, even with certain accommodations, is valid support suggesting that she retained significant functional ability. (Tr. 25-26).